damages for the loss of his services. Prior to the commencement of the action he entered into a written agreement with his attorney, which provided, among other things, as follows:

"I do hereby agree, stipulate, and contract with my said attorney to pay him one-half of any settlement or recovery in said action, and he is, in addition thereto, to receive all costs and interests recovered, or to which he may be entitled. And I further agree with my said attorney not to make any settlement, unless he is present and receives his share in accordance with this agreement."

That action was settled without the knowledge or consent of the plaintiff's attorney for $100, and a general release given. After the settlement the attorney (this plaintiff) brought this action against the railway company and Gallo to enforce a lien, which he asserted he had upon the proceeds of the settlement. The action was tried without a jury, and in the decision filed judgment was entered adjudging and decreeing that the plaintiff had a lien upon one-half of the consideration for the settlement, viz., $50, and in addition thereto the costs in the negligence action to the time of the settlement, viz., $95.50, making in all $145.50. Each defendant appeals from this judgment.

For the reasons stated in Oishei v. these same defendants (decided herewith) 97 N. Y. Supp. 447, the judgment is erroneous, in so far as it determined that the plaintiff had a lien on $95.50, the costs in the negligence action to the time of settlement, and must be modified by deducting therefrom said sum.

The judgment appealed from, therefore, is modified by deducting therefrom the sum of $95.50, and, as thus modified, the same is affirmed, without costs to either party. All concur.

---

## OISHEI v. METROPOLITAN ST. RY. CO. et al.

(Supreme Court, Appellate Division, First Department. January 26, 1906.)

Appeal from Special Term, New York County.

Action by Achille J. Oishei against the Metropolitan Street Railway Company and another. From a judgment for plaintiff entered on a decision after trial. Defendants appeal. Modified.

Argued before O'BRIEN, P. J., and McLAUGHLIN, CLARKE, INGRAHAM, and LAUGHLIN, JJ.

Bayard H. Ames, for appellant Metropolitan St. Ry. Co.
Lyman A. Spalding, for appellant Annie Gallo.
Nelson L. Keach, for respondent.

McLAUGHLIN, J. The defendant Annie Gallo, wife of Domenico Gallo, one of the defendants in two actions brought by this plaintiff against him and the Metropolitan Street Railway Company, brought an action to recover damages for personal injuries sustained by her through the negligence of the railway company. Prior to the com-

mencement of the action she entered into a written agreement with her attorney, which provided among other things, as follows:

"I do hereby agree, stipulate, and contract with my said attorney to pay him one-half of any settlement or recovery in said action, and he is, in addition thereto, to receive all costs and interests recovered, or to which he may be entitled. And I further agree with my said attorney not to make any settlement, unless he is present and receives his share in accordance with this agreement."

That action was settled without the knowledge or consent of the plaintiff's attorney, for $200, and a general release given. After the settlement the attorney (this plaintiff) brought this action against the Railway Company and Annie Gallo, to enforce a lien, which he asserted he had upon the proceeds of the settlement. The action was tried without a jury, and in the decision filed judgment was entered adjudging and decreeing that the plaintiff had a lien upon one-half of the consideration for the settlement, viz., $100, and in addition thereto, the costs in the negligence action to the time of the settlement, viz., $95.50, making in all $195.50. Each defendant appeals from this judgment.

For the reasons stated in Oishei v. Metropolitan St. Ry. Co. and Domenico Gallo (decided herewith) 97 N. Y. Supp. 447, the judgment is erroneous, in so far as it determines that the plaintiff had a lien on $95.50, the costs in the negligence action to the time of settlement, and must be modified by deducting therefrom said sum.

The judgment appealed from, therefore, is modified by deducting therefrom the sum of $95.50, and, as thus modified, the same is affirmed, without costs to either party. All concur.